

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,390-01, 89,390-02, 89,390-03, 89,390-04 & 89,390-05

### EX PARTE GERARD FRANCES CHENEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 09-1360-K277 A, 09-1204-K277 A, 09-1204-K277 B, 09-1204-K277 C & 09-1204-K277 D IN THE 277TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of theft and four counts of possession of child pornography. He was sentenced to imprisonment for one term of forty years and four terms of ten years. He did not appeal his convictions.

In eight grounds, Applicant contends that trial counsel was ineffective. Findings of fact and conclusions of law were forwarded with the record in these cases, but the findings and conclusions were not signed.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to file a second response to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the responses in counsel's affidavit are credible and whether Applicant has demonstrated deficient conduct and prejudice. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 20, 2019
Do not publish